# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CATHY S. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:11-cv-01186-SEB-MJD |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant.[1] | ) | |

## Entry Discussing Complaint for Judicial Review

Cathy S. Miller ("Miller") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq.*

For the reasons explained in this Entry, the Commissioner's decision must be **remanded for further consideration.**

## I.  Background

Miller applied for SSI and DIB on January 2, 2008, alleging an onset date of January 1, 2008. Her applications were denied initially and upon reconsideration. Her request for a hearing before an Administrative Law Judge ("ALJ") was granted, and a hearing was conducted on February 2, 2010. Miller was present, accompanied by her attorney. Medical and other records were introduced into evidence. Miller and a vocational expert testified. The ALJ denied Miller's applications on April 8, 2010. On July 15, 2011, the Appeals Council denied Miller's request for review, making the ALJ's decision final. *See Getch v. Astrue,* 539 F.3d 473, 480 (7th Cir. 2008). This action for judicial review of the ALJ's decision followed. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

---

[1] February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the *Federal Rules of Civil Procedure*, Carolyn W. Colvin, in her official capacity only, is substituted as the defendant in this action.

The ALJ's decision included the following findings: (1) Miller met the insured status requirements of the Act through December 31, 2012; (2) Miller had not engaged in substantial gainful activity since January 1, 2008, the alleged onset date; (3) Miller had the following severe impairments: degenerative disease of the lumbar and cervical spine, a mood disorder, and an anxiety disorder; (4) Miller did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (5) Miller had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except as follows: she could occasionally squat, kneel, stoop, bend and crawl; the work should be limited to tasks that are simple and repetitive in nature; and the work should require no more than superficial interaction with the public, co-workers and supervisors; (6) Miller was capable of performing past relevant work as a cafeteria attendant, as this work would not require the performance of work-related activities precluded by Miller's RFC; and (7) in the alternative, considering Miller's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that she could have performed. With these findings in hand, and through the application of applicable rules and regulations, the ALJ concluded that Miller had not been under a "disability," as defined in the Act, from January 1, 2008, through the date of the ALJ's decision.

## II.  Discussion

### A.  Applicable Law

To be eligible for DIB and SSI, a claimant must prove she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). To establish disability, the plaintiff is required to present medical evidence of an impairment that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. §§ 416.908; 404.1508.

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Kastner v. Astrue,* 697 F.3d 642, 646 (7th Cir. 2012). This inquiry asks:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively

>   disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520.

*Id.* at 646. The claimant bears the burden of proof at steps one through four, and at step five the burden shifts to the Commissioner. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

The task a court faces in a case such as this is not to make a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence and otherwise is free of legal error. *Hopgood ex rel. L.G. v. Astrue,* 578 F.3d 696, 698 (7th Cir. 2009). "Substantial evidence must be more than a scintilla but may be less than a preponderance." *Schmidt v. Astrue*, 496 F.3d 833, 841-42 (7th Cir. 2007) (internal quotation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 841 (internal quotation omitted).

### B. Analysis

In this case, the ALJ concluded that although Miller had severe impairments consisting of degenerative disease of the lumbar and cervical spine, a mood disorder, and an anxiety disorder, she could perform her past relevant work, and in the alternative, she could perform a significant number of light unskilled jobs in the national economy.

Miller raises a single issue in this case. She argues that the ALJ's failure to include her limitation on the ability to maintain concentration, persistence, and pace in the hypothetical question posed to the vocational expert requires the court to remand the case for further proceedings. The Commissioner argues to the contrary that there is no error in this regard and the case should be affirmed because the ALJ limited Miller to simple, repetitive tasks. As discussed further below, a remand is required unless "it was manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010).

After reviewing the evidence relating to Miller's mental impairments, the ALJ determined that Miller had a mild restriction in her activities of daily living, moderate difficulties maintaining social functioning, and moderate difficulties maintaining concentration, persistence and pace. (R. at 16). When explaining his RFC assessment with regard to Miller's mental impairments, the ALJ stated the following: "In consideration of the claimant's mental impairments, I am limiting her

to work that is simple and repetitive in nature to accommodate the moderate limitation note [sic] above in her ability to maintain concentration, persistence and pace." (R. at 21).

Although the ALJ concluded that Miller had moderate difficulties in concentration, persistence and pace, he did not include that limitation in his RFC assessment or in the hypothetical question posed to the vocational expert. Instead, he limited Miller to simple, repetitive tasks. (R. at 17). The parties agree that under some circumstances, a limitation to simple, repetitive work can fully account for a claimant's moderate deficiencies in concentration, persistence, and pace, but they disagree on whether such limitation was adequate in this case.

The Seventh Circuit has rejected the contention that an ALJ may account generally for moderate limitations on concentration, persistence or pace by restricting the hypothetical to unskilled work. *O'Connor-Spinner v. Astrure*, 627 F.3d 614, 620 (7th Cir. 2010). "The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *Id.* Rather, the general rule is that "limiting a hypothetical to simple, repetitive work does not necessarily address deficiencies of concentration, persistence and pace." *Id.* In *O'Connor-Spinner*, the court noted that "it is not clear whether the hypothetical, which included a restriction to repetitive tasks with simple instructions, would cause the VE [vocational expert] to eliminate positions that would pose significant barriers to someone with the applicant's depression-related problems in concentration, persistence and pace." *Id.*

The Commissioner argues that because the ALJ did not include a restriction on concentration, persistence, and pace in his RFC assessment, the ALJ did not need to include that restriction in the hypothetical question. This argument misses the mark. When an ALJ relies on vocational expert testimony in determining a claimant's disability at step five, the hypothetical question posed to the vocational expert "must include all limitations supported by medical evidence in the record." *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009). The issue here is whether the ALJ's hypothetical question supplied the vocational expert with "information adequate to determine whether [the claimant] could perform jobs in the national economy." *O'Connor-Spinner*, 627 F.3d at 618-19. "Our cases generally have required the ALJ to orient the VE to the totality of a claimant's limitations." *Id.* at 619. "Our cases, taken together, suggest that the most effective way to ensure that the VE is apprised fully of the claimant's limitations is to include all of them directly in the hypothetical." *Id.*

The Commissioner further argues that the words "concentration, persistence, and pace" do not have to be specified in a hypothetical question posed to a vocational expert when a medical source opines that despite such limitations, the claimant was able to perform simple, repetitive tasks. In support, the Commissioner

relies on *Johansen v. Barnhart*, 314 F.3d 283 (7th Cir. 2002) and *Milliken v. Astrue*, 397 Fed.Appx. 218 (7th Cir. Oct. 14, 2010)(unpublished).[1]

Miller's distinction of these cases is persuasive. In *Johansen,* the Seventh Circuit approved a hypothetical question which included a restriction to "repetitive, low-stress work" because that description "excluded positions likely to trigger symptoms of the panic disorder that lay at the root of the claimant's moderate limitations on concentration, persistence and pace." *O'Connor-Spinner,* 627 F.3d at 619 (citing *Johansen*, 314 F.3d at 285, 288-89). The decision in *Johansen* did not turn on the physician's opinion relating to simple, repetitive tasks. Rather, the court noted that when the limitations were stress-related or panic-related and the hypothetical restricted a claimant to low-stress work, the hypothetical question served its purpose of informing the vocational expert of all of the claimant's limitations.

"We have stated repeatedly that ALJs must provide vocational experts with a complete picture of a claimant's residual functional capacity, and vocational experts must consider 'deficiencies of concentration, persistence, and pace.'" *Jelinek v. Astrue*, 662 F.3d 805, 813 (7th Cir. 2011) (quoting *O'Connor-Spinner,* 627 F.3d at 619). The ALJ's limitation to simple and repetitive tasks was not an adequate means of addressing Miller's mood disorder, *i.e.,* depression-related, limitations in maintaining concentration, persistence, and pace. The vocational expert should have been informed of the concentration, persistence and pace limitation to evaluate how that would effect Miller's ability to perform basic work activity on a regular and continuing basis. *See also Weist v. Astrue,* No. 2:11-cv-198-JMS-WGH, 2012 WL 967076, n.3 (S.D. Ind. March 21, 2012) (noting Seventh Circuit is skeptical that depression-related conditions can satisfy the standard necessary to avoid remand when hypothetical questions do not include the supported limitations in concentration, persistence and pace); *Gilpin v. Astrue,* No. 1:11-cv-0204-DML-SEB, 2012 WL 896359 (S.D. Ind. March 15, 2012)(ALJ did not account for claimant's moderate limitations on concentration, persistence, and pace caused by depression by restricting her to unskilled work with no public contact).

"[F]or most cases, the ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do." *O'Connor-Spinner.* 627 F.3d at 621-20. This case falls within the scope of "most cases." The restrictions on concentration, persistence, and pace should have been included in the hypothetical question posed to the vocational expert.

---

[1] **As pointed out by Miller,** *Milliken* **is an unpublished decision and therefore is not binding. In addition, it was issued before** *O'Connor-Spinner,* **and therefore carries little to no weight to any extent its holding differs from that of** *O'Connor-Spinner.*

## III.  Conclusion

For the reasons discussed in this Entry, the court is required to **remand** the case to the ALJ for further consideration. *Melkonyan v. Sullivan,* 501 U.S. 89, 98 (1991) (a court may remand the case after passing on its merits and issuing a judgment affirming, modifying, or reversing the Commissioner's decision, a "sentence four" remand).

On remand, the ALJ shall give Miller an opportunity to participate in another hearing. In addition, on remand, if step five is reached, the ALJ shall include in the hypothetical question posed to the vocational expert Miller's moderate difficulties in maintaining concentration, persistence or pace, as well as any other limitations supported by medical evidence in the record.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/01/2013

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

**All electronically registered counsel**